# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3365

_____

United States of America

*Plaintiff - Appellee*

v.

Marshall Polk

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: April 16, 2014
Filed: April 21, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Marshall Polk directly appeals after he pled guilty to a drug-conspiracy charge, and the district court[1] sentenced him within the calculated Guidelines range. His

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the district court calculated the Guidelines range based on clearly erroneous findings with respect to the relevant drug quantity and Polk's role in the offense, and that the court imposed an unreasonable sentence. Polk has filed a pro se supplemental brief, arguing that the district court should have held a competency hearing before accepting his guilty plea.

Upon careful review, we conclude that the district court did not clearly err in making the factual findings challenged by counsel, as they were based primarily on the testimony of a co-conspirator whom the court credited. *See United States v. Walker*, 688 F.3d 416, 421-22 (8th Cir. 2012) (sentencing court may determine drug quantity based on testimony of co-conspirator alone; witness credibility is issue for sentencing judge and virtually unreviewable on appeal); *see also United States v. Payton*, 636 F.3d 1027, 1046 (8th Cir. 2011) (district court's drug-quantity calculation is reviewed for clear error); *United States v. Mesner*, 377 F.3d 849, 851 (8th Cir. 2004) (district court's decision to assess sentencing enhancement based upon defendant's role in offense is reviewed for clear error). We also conclude that Polk's sentence is not unreasonable. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (review of sentence includes considering substantive reasonableness of sentence under totality of circumstances; where sentence falls within Guidelines range, appeals court may, but is not required to, apply presumption of reasonableness). In addition, we conclude that there is no merit to Polk's pro se argument, because his counsel did not request a competency hearing and the record does not indicate that a competency hearing was warranted. *See* 18 U.S.C. § 4241(a) (court shall order competency hearing upon its own motion if there is reasonable cause to believe defendant is not competent).

Finally, having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment.

As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____